The first case today is number 162143, United States v. Jose Reyes-Valdivia. Good morning, your honors. May it please the court, my name is Franco Perez. I represent the defendant appellant Jose Reyes-Valdivia. With the court's permission, I'd like to reserve two minutes for rigor. Yes. Thank you, your honor. In this case, the district court committed two errors. It first by denying Mr. Reyes' motion to dismiss, which argued that the MDLEA was constitutionally infirmed. And the second error was the court's misapplication of the two-level boat captain enhancement. With regards to the first issue, before you get to that, was there an appeal waiver in this case? Yes, your honor, there was. And I don't think it was you, but it wasn't addressed until the reply brief, right? And don't we have a case law that says that you have to address it as to why the appeal waiver does not apply in your opening brief? If that is our law, what do you say about that? So our position as to that is that we can overcome the appeal waiver because it was clearly inapplicable. And as much as the district court applied a two-level enhancement, that was not stipulated to by the parties when they entered into the plea agreement. So with regard to the first issue, this case presents this court with the opportunity to decide for the first time on plenary review whether Congress exceeded its Article I powers in enacting the MDLEA. That is because the Supreme Court's intervening decision in class makes clear that a post-plea challenge to the constitutionality of the statute of conviction is not barred by an unconditional guilty plea. This case is like class in two very important ways. First, Mr. Reyes did not expressly or implicitly waive the right to bring a constitutional challenge on the statute when he executed the plea agreement. And second, the issues on appeal are outside the sweep of the admitted conduct. The arguments do not go to Mr. Reyes's factual guilt. They go to Congress's very own power to legislate. Turning to the merits of the first issue, it is clear that much of the MDLEA exceed Congress's Article I powers. Under Article I, Congress has the power to define and punish piracies and felonies committed on the high seas as well as offenses against the laws of the nation. But drug trafficking as criminalized by the MDLEA does not fit within any of these three grants of power. Drug trafficking, to begin, is not synonymous with piracy as that term of art is narrowly defined as a robbery committed on the high seas. Furthermore, though the felonies... Counsel, this is Judge Lopez. You seem to want to restrict the scope of the term felonies by referring to piracy, but felonies has its own distinct meaning, does it not? Are you aware of any circuit of evidence in the proposition that the word felony does not embrace the kind of drug trafficking activity that we have in this case? Right. Well, I am not aware of any case that specifically holds that. However, the term felonies is distinct from the term piracies. It is much narrower. And at the time of the drafting, excuse me, Congress made clear that it wanted to criminalize only or create a uniform standard of conduct on U.S. nationals aboard U.S. vessels. But if the felonies provision extends beyond that to foreigners on foreign vessels, the clause does not bring that uniformity or the stability to the defendants since they would be what happened here. In this case... Well, it's not a foreign flagged vessel though, right? Isn't it undisputed that it's a stateless vessel? And isn't our law clear that these rules are out the window with respect to stateless vessels? So in this case, the vessel was not stateless. It had the Costa Rican flag painted on the bow of the ship and an unnamed master of the Costa Rican nationality. Yes, there is case law to answer your Honor's second question that holds that stateless vessels do fall within that. However, this Court has never held that Article 1 sort of precludes that the cases where the Court didn't find a problem with the no-nexus challenge were under the due process clause. And our position as to that is that that involves an entirely different provision of the Constitution with a separate inquiry. And so the fact that the Court found no problem under the due process challenge doesn't control or inform our Article 1 challenge, which is completely distinguishable from those cases. So as I was saying, when the IDEA was drafted, it was clear that Congress wanted to stay within the bounds of international law. And part of the evidence that we have as to that is that it cited the United States or excuse me, the United Nations Convention of the Law, the C. Now if Congress wanted to stay within that, within customary international law, then a nexus is required. Counsel, excuse me, what is to follow up on Judge Howard's question, although you seem to question the stateless status of this bill. But let me ask you about that. You cite the insignia and so forth, but wasn't there an inquiry made of the Costa Rican authorities and they would not confirm, affirm that this was a Costa Rican vessel? And under the MDLEA, doesn't that mean that it was in fact, it could be appropriately deemed a stateless vessel? Isn't that correct on the facts of this case? Yes, under the MDLEA, the MDLEA subsection C of the provision where statelessness is defined does contemplate that as a stateless vessel. It's one of the definitions. Given that status, what is incompatible with international law in the way in which the vessel and its occupants were then treated given that stateless status? Right. Well, under international law, our position is that the definition of what a stateless vessel is is much narrower than the MDLEA. It is a vessel that has no nationality or that tries to employ a subterfuge in order to conceal it. And so the MDLEA goes beyond that and it... I don't think we've objected to that position in our motto speaking precedent. I'm sorry, could you repeat the question? Yes, your assertion that the way in which the MDLEA permits a determination of a stateless vessel, that that's incompatible with international law, didn't we reject that very argument in our motto speaking precedent? My understanding is that the case law where the court declined that argument was under a due process challenge. I'm not sure that it was under an Article I challenge as it is in this case. Well, regardless of the constitutional provision being challenged, I mean, the issue of whether it's stateless would be the same under either, wouldn't it? Well, it would... I think the issue is a little different in that it deals with a whole other set of facts. If there was perhaps a nexus, then it would be acceptable for it to... It would fall under the five principles of international law that do allow any country to exert jurisdiction over the vessel. If your honors have no further questions. Are there additional questions, judges? No, thank you.  May it please the court, Thomas Clumper on behalf of the United States. In this case, is the government contention that defendant failed to, in the opening brief, raise the issue of the waiver of appeal provision, and therefore the case could be summarily dismissed for failure to raise it in the opening brief? If not, it's government's contention is that it's a different... Isn't that form over substance? I mean, his argument in his reply brief is that it obviously wasn't applicable because of the captain enhancement, which would clearly make the waiver not valid. Well, that's the thing, your honor. In this case, as you have written in Aurora Blas, it is not really a form over substance. What it is, they have to expressly and directly address it initially in the opening brief. And that, what it does is it changes actually the standard used by this court. Here, it has to be clear and gross injustice involved, and it's government's contention there is no such clear and gross injustice applied in this case if we're using that standard. It changes entirely the standard of what is to be applied for the determination of this case. Now, one of the contentions is that here, one of the contentions is that, okay, yes, he's claiming he got a higher sentence, that safety valve did apply. However, in abundance of caution, the government notes that if it were actually ever remanded back, the safety valve may not have applied in this case because it was a Title 46 type of offense. And under 3553 F1, the statute safety valve would not have applied for the defendant. So he's actually benefiting from our plea agreement in this case with the sentence that it received because it would have required a statutory mandatory minimum of 120 months. If you look at the plea supplement provided by the government or in that case, it contends that if the safety valve applies. Now, if you look under 3553 F, the only way it can apply is if it's a Title 21 drug offense. And here, he was charged with a Title 46 offense. So therefore, how can you claim a clear gross injustice if he received actually a lower sentence than he should have actually been entitled to? Excuse me. So in addition, in relation to the merits of the claims, this would be then under that standard, the due process claim as well as Congress exceeding its authority, our position is that then under Noosey-Penas, there the court found no plain error in the application of the MDLEA regarding MDLEA finding no error in applying it plain or otherwise in this case. So because under the Article 1, Section 8, Clause 10, the power did not exceed its authority under the felony section of that statute, the High Seize Clause section. Now, with regard to due process, that also would have been waived. If we look at this, if you look at the plea agreement, he admits it is basically, it is a stateless. Counsel, counsel, I suggest that you, this is obviously not a decision, but I think it might show your interest if you address the MDLEA claims on the assumption that we are addressing those in a de novo review because of the conclusion that the appeal waiver does not apply here. Why don't you argue those points on that basis? On this case, it's still, in this case, it's still under de novo review. I think the MDLEA, this court has held or has, and there are no circuits that held otherwise, that the MDLEA, that Congress exceeded its authority under the Felonies Clause. And what they have found is either under territorial or under universal or a combination of protective principles of international law, they're entitled to do it for the safety of the country and what happens is also, if looking at this case, the defendant admitted it was a stateless vessel. So that changes the whole parameters of everything, too, for due process violation claims and things like that. Stateless vessels are actually subject to the authority of any country that apprehends or finds them on board out in, in this case, out in the seas. And here, what he admitted to, there was no indicia of nationality and had provided no registration. This is part of his plea agreement. He provided no registration and that they had contacted Costa Rica and they could neither confirm nor refute that the registry, the registry of this vessel and therefore, is what he admitted, was determined to be one without nationality. So therefore, it was a stateless vessel. So in a way, he has waived his due process claim. Let me ask you a question about that. What if statelessness is a legal inquiry and not a factual inquiry? So assume that for a second. If it's a legal question, his agreement to certain facts might not prevent him from now arguing that as a legal matter, it's not a stateless vessel, right? Well, I would think, I beg to, you can't, I don't think you can actually separate the two, the legal versus the, the factual basis in order to determine statelessness. You know, I think they go hand in hand. So as for legal aspect, I don't think you can just determine it strictly on a legal basis. Do you think it's a mixed question? I think it's a mixed fact and legal type of argument. And which end of the spectrum do you think it falls on? I think it's a Supreme Court case going into that. Well, I think under this, are you talking class, in other words, in that case, because class even says plea agreements. If you look at the plea agreements, class basically states that claims are not foreclosed by his admissions. So therefore, class does not affect this case at all because he made admission that it had lacked nationality. And therefore, based on class, I mean, it doesn't affect it at all. Yeah, I was actually, I think there was a decision issued on Monday going into mixed questions of fact and law and how you look at them on a sliding scale. And I'm just curious. Oh, okay. Your Honor. Anyway, any other questions for the panel? Judges, other questions of the government? But just on that last point, I mean, isn't his position here that, you know, I have made admissions with respect to jurisdiction that would justify the applicability of the MDLA as it is written. But it's my position, and this is somewhat similar to the argument made in class, it's my position that the law as written and as applied here goes beyond congressional authority. And so that's a, so he's raising what might be called a pure legal question, much as was done in class under the Second Amendment. So I don't see why the admissions that he's made here preclude him from now raising this direct legal challenge to the constitutionality of the MDLAs. I guess I don't understand why you say class does not apply here. Well, I think because class, what he did was that case is distinguishable. In their class, what you had was a defendant raised only certain factors that could waive or not waive in this case. And here he said he would waive the issue of whether, you know, the, for collateral reasons or for sentencing or whatever. And so it was specific factors that he was agreeing to waive. So therefore, it was limited. In ours, we have a broader type of waiver and an argument because even class states admissions by the defendant cannot be ignored. And so based on his admission, we're arguing that the MDLEA applies because he's admitting it's a stateless vessel. Well, thank you. Any other questions? Thank you, counsel. Thank you. Mr. Perez, I think you reserved. I just want to make two brief points, Your Honor. The first one is as to the waiver. Once the judge disregards the sentencing recommendation, the waiver clearly does not apply. And then I'd like to also address the class arguments. The government is contending that the statelessness of a vessel is sort of a factual question to which my client admitted. However, in a long line of cases in this court, starting in Gonzalez, the court held that that is not a question that is taken to the jury. So it doesn't go to factual guilt. It is a, we believe, a purely legal question. There is a, there was a recent, I believe, 11th Circuit opinion, United States versus St. Hubert, where the defendant was challenging the constitutionality of Section 924C. And I think that decision is instructive here in that whether the crime is a crime of violence to begin with goes to, it is a legal question. I believe that was the admission there. So on those grounds, I would submit that the class is similar to this case and that class does apply. So a difficulty that I have with that is that it seems to me then that a defendant can go along at the district court level and agree till the cows come home that it was a stateless vessel. And then, but they get a free shot on appeal. Is that the position? Well, I believe that a similar concern was before the Supreme Court in class. And they, even though there is that risk that all these defendants would bring challenges to the statute of conviction, the court allowed it. And furthermore, the government, if it doesn't, may I finish my course? If it does have that concern, it can simply, when they are negotiating with the defendant, just add it in the plea agreement that they are waiving that right to bring the constitutional challenge. Any questions, judges? No, thank you. I'm good. Thank you both.